Case 1:24-cv-06740-SDA     Document 53     Filed 02/06/26     Page 1 of 3



*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

February 6, 2026

**By ECF**
The Honorable Stewart D. Aaron
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Florence Immigrant and Refugee Rights Project, et al. v. United States Department of Health and Human Services, et al.*, No. 24 Civ. 6740 (SDA)

Dear Judge Aaron:

    This Office represents Defendants United States Department of Health and Human Services ("HHS"), United States Customs and Border Protection ("CBP"), United States Immigration and Customs Enforcement ("ICE"), and United States Department of Homeland Security ("DHS," and together with HHS, CBP, and ICE, the "Government") in the above-named Freedom of Information Act ("FOIA") action, in which Plaintiffs Florence Immigrant and Refugee Rights Project, the Center for Constitutional Rights, and L.B. seek records concerning the use of dental and bone radiographs for the determination of ages of people in the custody of DHS, CBP, ICE, or HHS's Office of Refugee Resettlement.

    The Government writes jointly with Plaintiffs to provide the following status updates:

    **HHS:** HHS processed 1,009 pages of previously identified medical age assessments and on June 30, 2025, produced to Plaintiffs 948 pages from that set with redactions; withheld ten pages in full; and sent 51 pages to another federal agency for consultation. HHS processed the remaining 928 pages of previously identified medical age assessments and on July 31, 2025, produced to Plaintiffs 870 pages from that set with redactions; withheld 15 pages in full; and sent 43 pages to another federal agency for consultation. On August 29, 2025, HHS produced to Plaintiffs 107 pages of records that had been sent for consultation in connection with prior releases (i.e., 94 pages from the June and July productions, and 13 pages from an earlier production); of the 107 pages, eight were released in full and 99 in part. On November 24, 2025, Plaintiffs sent a letter to Defendants, which contained several proposals for prioritizing certain HHS documents. HHS is in the process of evaluating those proposals to determine next steps. The possibility of narrowing the request is also under consideration by the parties. The parties plan to meet and confer next week to attempt to negotiate a schedule for the remaining HHS searches, processing and production.

    **CBP:** The parties previously agreed that CBP would process 500 pages of records per month, beginning in June 2025, prioritizing the Form I-213s. In June, CBP processed

506 pages and made a production of the three responsive, non-exempt pages from that set on June 30, 2025. In July, CBP processed 502 pages and produced three responsive, non-exempt pages from that set on July 17, 2025. In connection with the August production, CBP ran certain search terms on the Form I-213s that it had previously isolated. On August 26, 2025, CBP informed Plaintiffs that it had reviewed 10,954 pages of records in connection with those searches and had determined that all were non-responsive. On November 24, 2025, Plaintiffs sent a letter to Defendants, posing several questions to CBP about its searches of the Form I-213s and proposing a different set of search terms for those searches. The parties have agreed that CBP will use a narrowed set of the search terms Plaintiffs proposed. The parties plan to meet and confer next week to attempt to negotiate a processing and production schedule for the remaining CBP documents.

In September 2025, CBP began processing Plaintiffs' request for communications between CBP and Drs. David Senn and Peter Arvanitis. On September 24, 2025, CBP informed Plaintiffs that it had reviewed 8,703 pages of records, determined that 93 pages were non-responsive; 615 pages were publicly available via a provided link; and 7,995 pages were duplicates of the publicly available records. On October 28, 2025, CBP informed Plaintiffs that it had reviewed 2,692 pages of records; 37 pages of that set were produced (with redactions, in whole or in part); 90 pages were non-responsive; 623 pages were publicly available via a provided link; and 1,942 were duplicates of the publicly available records. On November 28, 2025, CBP informed Plaintiff that it had reviewed 36,112 pages of records and determined that all were non-responsive. On December 18, 2025, CBP informed Plaintiff that it had reviewed 22,782 pages of records and determined that all were non-responsive. Finally, on January 22, 2026, CBP informed Plaintiffs that it had reviewed 12,879 pages of records and determined that all were non-responsive. CBP's November, December, and January reviews included Excel spreadsheets that exceeded 10,000 pages. CBP has now completed processing Plaintiffs' request for communications between CBP and Drs. Senn and Arvanitis.

**ICE:** To date, ICE has made eight productions of responsive, non-exempt records, and has completed all productions of pending records identified in previous searches. On November 24, 2025, Plaintiffs requested that ICE conduct additional searches and produce any resulting records according to a proposed schedule. The parties subsequently conferred about the parameters of Plaintiffs' requests, which ICE continues to evaluate. The parties plan to meet and confer next week to attempt to negotiate a schedule for the remaining ICE searches, processing and production.

**DHS:** DHS's Privacy Office preliminarily identified 15,711 pages of potentially responsive records. From that set and with agreement from Plaintiffs, DHS processed 91 pages of potentially responsive e-mails. On January 15, 2025, DHS produced 25 pages of responsive, non-exempt portions thereof; the remaining 66 pages were sent to two other agencies for consultation. On February 20, 2025, DHS produced non-exempt

portions of those 66 pages. Plaintiffs reviewed the productions and requested that DHS process the remainder of the records. DHS has now processed the remainder of those records. On May 15, 2025, DHS released 478 pages. Another 245 pages were sent to three other agencies for consultation and 14,897 pages were duplicative or non-responsive. On June 26, 2025, DHS made a final interim response to Plaintiffs, which included the documents that were returned from consultation; of the 245 pages, DHS released 233 pages in full and 12 pages in part. DHS has finished processing and producing responsive records.

As noted in the parties' prior correspondence, DHS's Office of the Inspector General does not have any documents responsive to the FOIA request. Additionally, on March 7, 2025, DHS's Office for Civil Rights and Civil Liberties ("CRCL") produced six pages of responsive, non-exempt records. On November 24, 2025, Plaintiffs requested certain additional information from CRCL. On February 3, 2026, the Government informed Plaintiffs that DHS/CRCL had located 7,523 pages of potentially responsive records, and an additional 345 pages that are password-protected and the agency is still trying to access. DHS has agreed to make monthly productions from this set beginning on February 17, 2026.

The parties thank the Court for its consideration of this letter and will file their next joint status report by March 9, 2026.

<div style="text-align:right">

Respectfully,

JAY CLAYTON
United States Attorney for the
Southern District of New York

</div>

By:     */s/ Alyssa B. O'Gallagher*
        ALYSSA B. O'GALLAGHER
        JESSICA F. ROSENBAUM
        Assistant United States Attorneys
        Tel.:   (212) 637-2822/2777
        Email: Alyssa.O'Gallagher@usdoj.gov
               Jessica.Rosenbaum@usdoj.gov