

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 8, 2026

**By ECF**

The Honorable Stewart D. Aaron
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re: *Florence Immigrant and Refugee Rights Project, et al. v. United States Department of Health and Human Services, et al.*, No. 24 Civ. 6740 (SDA)

Dear Judge Aaron:

This Office represents Defendants United States Department of Health and Human Services ("HHS"), United States Customs and Border Protection ("CBP"), United States Immigration and Customs Enforcement ("ICE"), and United States Department of Homeland Security ("DHS," and together with HHS, CBP, and ICE, the "Government") in the above-named Freedom of Information Act ("FOIA") action, in which Plaintiffs Florence Immigrant and Refugee Rights Project, the Center for Constitutional Rights, and L.B. (together, "Plaintiffs") seek records concerning the use of dental and bone radiographs for the determination of ages of people in the custody of DHS, CBP, ICE, or HHS's Office of Refugee Resettlement.

The Government writes jointly with Plaintiffs to provide the following status updates:

> **HHS:** In March 2026, HHS processed 523 pages of potentially responsive records. On March 31, 2026, HHS produced 506 of those pages to Plaintiffs with redactions and sent the remaining 17 pages to another agency for consultation. In accordance with this Court's Order dated March 23, 2026, Dkt. No. 63, HHS is processing 750 pages of potentially responsive records commencing April 1 and going forward.
>
> The parties are also working to narrow the FOIA request. To that end, on March 24, 2026, HHS provided Plaintiffs with a list of categories of paper records that had been located in its warehouse searches. On March 30, Plaintiffs identified certain categories as priorities, and the following day confirmed that they are only looking for these records—that is, the categories of paper records not specifically identified by Plaintiffs need not be processed. As to the large universe of potentially responsive electronic communications, the parties will discuss the possibility of narrowing the FOIA request with respect to those communications once HHS determines a page count for those records.
>
> **CBP:** CBP previously completed its responses regarding (i) Forms I-213 between June 2025 and February 2026, and (ii) communications between CBP and Drs. David Senn and Peter Arvanitis between September 2025 and January 2026.

Having resolved outstanding issues related to the searches of I-213s and for communications between CBP and Drs. David Senn and Peter Arvanitis, CBP conducted additional communications searches in late February 2026. The parties were negotiating the scope of those searches when, in early March 2026, Plaintiffs requested a production order for future CBP productions. *See* Dkt. No. 54. Prior to filing its response to Plaintiffs' request, CBP consulted with DHS Headquarters regarding the effect of the DHS lapse in appropriations, which began on Friday, February 13, 2026, on FOIA operations. *See* Dkt. No. 65 ¶¶ 11–14. CBP determined that it could no longer work on FOIA matters until the lapse in appropriations ends. *Id.* Accordingly, this Court has ordered CBP to respond to Plaintiffs' request for a production order within seven days of the restoration of funding to DHS. *See* Dkt. No. 66. CBP opposes Plaintiffs' renewed request for a production or processing order for the reasons previously stated. *See* Dkt. Nos. 58, 65.

*Plaintiffs' Position*: Plaintiffs note recent orders from courts in this District and others requiring DHS and its subcomponents to continue with FOIA processing and production pursuant to Court orders notwithstanding the lapse in funding and renew their request for a production or processing order as to CBP and ICE. *Robert F. Kennedy Human Rights v. U.S. Dep't of Homeland Sec.*, 1:25-cv-06541-JMF (S.D.N.Y. Apr. 7, 2026), ECF No. 36 at 7 (collecting cases).

**ICE:** To date, ICE has made eight productions of responsive, non-exempt records, and has completed all productions of pending records identified in previous searches. On November 24, 2025, Plaintiffs requested that ICE conduct three additional searches and produce any resulting records according to a proposed schedule. On February 13, 2026, ICE agreed to conduct two of the three searches. Later that same day, there was a lapse in DHS appropriations, which resulted in the ICE FOIA Office being furloughed until funding is restored. *See* Dkt. No. 64 ¶¶ 10–13. In early March 2026, Plaintiffs requested a production order for future ICE productions. *See* Dkt. No. 54. In light of the DHS appropriations lapse, this Court has ordered ICE to respond to Plaintiffs' request within seven days of the restoration of funding to DHS. *See* Dkt. No. 66. ICE opposes Plaintiffs' renewed request for a production or processing order for the reasons previously stated. *See* Dkt. Nos. 58, 64.

*Plaintiffs' Position*: Plaintiffs note recent orders from courts in this District and others requiring DHS and its subcomponents to continue with FOIA processing and production pursuant to Court orders notwithstanding the lapse in funding and renew their request for a production or processing order as to CBP and ICE. *Robert F. Kennedy Human Rights v. U.S. Dep't of Homeland Sec.*, 1:25-cv-06541-JMF (S.D.N.Y. Apr. 7, 2026), ECF No. 36 at 7 (collecting cases).

**DHS:** DHS's Privacy Office issued responses between January and June 2025, and at this time has finished processing and producing responsive records.

As noted in the parties' prior correspondence, DHS's Office of the Inspector General determined it does not have any documents responsive to the FOIA request. Additionally, on March 7, 2025, DHS's Office for Civil Rights and Civil Liberties ("CRCL") produced six pages of responsive, non-exempt records. On November 24, 2025, Plaintiffs requested certain additional information from CRCL. On February 3, 2026, the Government informed Plaintiffs that DHS/CRCL had located 7,523 pages of potentially responsive records, and an additional 345 pages that are password-protected and the agency is still trying to access. On February 13, 2026, CRCL produced 1,044 pages of records to Plaintiffs, 878 of which were released in full and 166 in part. DHS's FOIA operations are also affected by the partial government shutdown, and DHS will continue to make monthly productions after the restoration of funding to DHS.

The parties thank the Court for its consideration of this letter and will file their next joint status report by May 8, 2026.

Respectfully,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:     */s/ Alyssa B. O'Gallagher*
ALYSSA B. O'GALLAGHER
JESSICA F. ROSENBAUM
Assistant United States Attorneys
Tel.:    (212) 637-2822/2777
Email: Alyssa.O'Gallagher@usdoj.gov
          Jessica.Rosenbaum@usdoj.gov